UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00688-FDW

| | | |
|---|---|---|
| SAMSON JAMARCO COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRAD PERRITT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Samson Jamarco Coleman's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to his habeas Petition, pled guilty in Mecklenburg County Superior Court on January 12, 2012, to three counts of discharging a firearm into a motor vehicle while in operation, one count of discharging a firearm into occupied property, and one count of voluntary manslaughter. (§ 2254 Pet. 1, Doc. No. 1.) Petitioner was sentenced to three consecutive terms of 82-108 months imprisonment. (§ 2254 Pet. 1.) He did not file a direct appeal. (§ 2254 Pet. 2.)

On September 20, 2016, Petitioner sought habeas corpus relief in the North Carolina Court of Appeals on due process and subject matter jurisdiction grounds. (§ 2254 Pet. 3.) Habeas relief was denied, and Petitioner filed a petition for discretionary review in the North Carolina Supreme Court on October 31, 2016, which also was denied. State v. Coleman, No. 404P16-1, 794 S.E.2d 322 (N.C. Dec. 8, 2016) (Mem). Petitioner filed a second petition for discretionary review on September 20, 2017; it suffered the same fate as his first. State v.

1

Coleman, No. 404P16-2, 803 S.E.2d 818 (N.C. Sept. 25, 2017) (Mem).

Petitioner filed a petition for writ of habeas corpus in this Court on February 22, 2017, and an amended habeas petition on May 19, 2017. See Coleman v. Perritt, 3:17-cv-00082-FDW (W.D.N.C.), Doc. Nos. 1, 2. On June 1, 2017, the Court dismissed the amended petition without prejudice because it failed to comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Id. at Doc. No. 3.

Petitioner filed the instant § 2254 Petition on November 20, 2017.[1] (§ 2254 Pet. 14, Doc. No. 1.) He cites the following grounds for relief: (1) the trial court did not have jurisdiction to enter judgment in criminal case number 09CRS068779; (2) the trial court did not have jurisdiction to enter judgment in criminal case number 09CRS068778; and (3) the North Carolina Supreme Court erred in refusing to review the North Carolina Court of Appeals' denial of his petition for writ of habeas corpus. (§ 2254 Pet. 5, 6, 8.)

**II. STANDARD OF REVIEW**

Rule 4 of the Rules Governing Section 2254 Cases directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

**III. DISCUSSION**

**A. Grounds One and Two**

As noted, the Court dismissed Petitioner's first § 2254 petition because it failed to

---

[1] See Houston v. Lack, 487 U.S. 266, 267 (1988).

comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Rule 2(c) requires a petitioner filing a § 2254 petition for writ of habeas corpus to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. In his first petition, Petitioner stated the following: "The Mecklenburg County Superior Court was without authority of law/jurisdiction to enter judgment against Petitioner and failed to uphold due process of law." Am. § 2254 Pet. 5, Colman, 3:17-cv-00082-FDW, Doc. No. 2. When it dismissed the Petition, the Court explained that Petitioner had "failed . . . to state any facts to support his asserted grounds for relief. Consequently, it is impossible for the Court to determine whether Petitioner is entitled to any relief." Order Dismiss. Am. § 2254 Pet. 1, id. at Doc. No. 3.

Petitioner has again failed to comply with Rule 2(c). As his first ground for relief, Petitioner claims the trial court did not have jurisdiction to enter judgment in criminal case number 09CRS068779. In support, Petitioner asserts only that "indictment 09CRS068779 fails to sufficiently identify the offense, protect against double jeopardy, enable the defendant to prepar [sic] for trial, or to support a judgment on conviction." (§ 2254 Pet. 5.)

In his second ground for relief, Petitioner claims the trial court did not have jurisdiction to enter judgment in criminal case number 09CRS068778. In support, Petitioner asserts only that "indictment 09CRS068778 fails to protect against double jeopardy. And, due to its insufficiency it is unable to pass all four prongs of the sufficiency of indictment test." (§ 2254 Pet. 6.)

Petitioner's assertions are not statements of fact; they are conclusions. He pled guilty to five offenses but does not identify which of those offenses were charged in 09CRS068778 or 09CRS068779. Nor does he indicate how the indictments were insufficient (e.g. which essential elements were not alleged in the indictments) or how they failed to protect against double

3

jeopardy. In short, Petitioner has provided no factual basis to support either of these grounds for relief.

To state a claim for relief, a habeas petitioner must allege facts that create more than a mere possibility of a constitutional violation. See Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).[2] The allegation of a constitutional violation must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Likewise, a pleading purporting to assert a claim is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal quotation marks omitted)).

Grounds One and Two of the instant Petition constitute conclusory assertions devoid of "factual enhancement." See id. Therefore, they fail to state claims for relief and must be dismissed. Ordinarily, the Court would dismiss these claims without prejudice for failure to comply with Rule 2(c). The Court has done that once before, however. Accordingly, these claims shall be dismissed with prejudice.

**B. Ground Three**

In Ground Three, Petitioner claims the North Carolina Supreme Court erred in refusing to review the decision by the North Carolina Court of Appeals to deny him a writ of habeas corpus. (§ 2254 Pet. 8.) Plaintiff contends he has a right under the North Carolina Constitution to inquire

---

[2] The Federal Rules of Civil Procedure may be applied to § 2254 petitions. See Rule 12, Rules Governing § 2254 Cases, 28 foll. § 2254; Fed. R. Civ. P. 81(a)(4).

4

into the lawfulness of his imprisonment. (§ 2254 Pet. 8.)

A federal court may grant "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254. Ground Three does not challenge the validity of Petitioner's criminal judgments; it challenges his state post-conviction process. Accordingly, his claim is not cognizable under § 2254.

Furthermore, "[v]iolations of state law may not form the basis for federal habeas relief." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Rose v. Hodges, 423 U.S. 19, 21-22 (1975) (per curiam). Petitioner's claim is based upon an alleged violation of the North Carolina Constitution. Federal habeas relief lies only for violations of the United States Constitution or its laws or treaties. See § 2254. Thus, even if he is correct, Petitioner may not obtain relief through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Estelle, 502 U.S. at 67-68.

**C. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). As a general rule, the petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] § 2244(d)(1)(A). The limitations period is tolled during the

---

[3] There are three alternate start dates for the statute of limitations, which apply only under specific circumstances. See § 2244(d)(1)(B)-(D).

pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgments were entered on January 12, 2012, when he was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgments became final on or about January 26, 2012, when the time for filing an appeal expired. See § 2244(d)(1)(A).

The statute of limitations then ran for 365 days until it fully expired on or about January 26, 2013, more than four and a half years before Petitioner filed the instant habeas Petition. None of Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, the Petition is time-barred under § 2244(d)(1)(A) unless Petitioner can demonstrate that equitable tolling should apply. Notably, although asked to do so, Petitioner fails to explain why the instant habeas Petition should not be dismissed as untimely (§ 2254 Pet. ¶ 18).

**IV.    CONCLUSION**

Petitioner has failed to state a claim upon which relief may be granted. Moreover, the Petition is time-barred under § 2244(d)(1)(A).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**
Signed: December 21,

Frank D. Whitney
Chief United States District Judge